**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JAMARR MARTELL JACKSON, | |
| Plaintiff, | No. 09 C 5123 |
| v. | Judge Elaine E. Bucklo |
| COOK COUNTY DEPARTMENT OF CORRECTIONS, et. al., | Magistrate Judge Jeffrey Cole |
| Defendants. | |

**DR. MAGHOOB KAHN'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUSANT TO FRCP 12(b)(6)**

Defendant Dr. Maghoob Kahn,, by and through his attorneys, Anita Alvarez, Cook County State's Attorney, Patrick T. Driscoll, Jr., Deputy State's Attorney, Louis R. Hegeman, and Thomas Cargie, Assistant State's Attorneys, hereby submits this memorandum of law in support of his motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.    INTRODUCTION**

Plaintiff Jarmarr Martell Jackson, appearing *pro se*, filed the instant Complaint on August 20, 2009. A copy of Plaintiff's Complaint is attached hereto as "Exhibit A." Plaintiff brings this action pursuant to 42 U.S.C. § 1983, based on his allegation that while a pre-trial detainee in the custody of Cook County Department of Corrections ("CCDOC"), he inadvertently ate part of a mouse that was on his breakfast tray. He brought this suit against four defendants, CCDOC, J. Lang, who is the kitchen supervisor of the CCDOC's central kitchen, Correctional Officer Murphy, who supervised Plaintiff's tier on the morning of the alleged incident and Dr. Maghoob Kahn, who examined Plaintiff approximately one month after the incident. As of this filing, service has been effected against only Dr. Kahn. On its own motion, the Court dismissed all

claims against CCDOC (Minute order of September 9, 2009 (Dkt # 5)) and the summonses for J. Lang and Officer Murphy were returned unexecuted on December 28, 2009 and December 31, 2009, respectively. (Dkt ## 19 and 20).

With regard to Dr. Kahn, Plaintiff's sole allegation against him is he did not take a blood sample from Plaintiff when he examined him, nor did he give him any medicine despite the fact that he chewed on a mouse parts. Notably Plaintiff does not identify any injury or illness that arose from his minimal contact with the mouse. It appears instead that Plaintiff is merely anxious that he may have contracted some disease from the encounter.

Plaintiff's Complaint does not establish a claim of deliberate indifference to a serious medical condition that would amount to cruel and unusual punishment, thereby violating the due process clause of the fourteenth amendment. First, there is no objective evidence that Plaintiff has any serious medical need and thus, Dr. Kahn cannot be deemed to have willfully ignored that need when he examined Plaintiff. Moreover, since Plaintiff does not allege that he suffered any physical injury, he is barred from bringing this claim under the Prisoner Litigation Reform Act. Finally, since Plaintiff does not allege that Dr. Kahn deprived him of any constitutional right, Dr. Kahn is entitled to qualified immunity for his encounter with Plaintiff.

## II. FACTUAL ALLEGATIONS

At approximately 3:30 a.m. on April 3, 2009, Plaintiff, who was a pretrial detainee in the custody of the Cook County Department of Corrections, was given a breakfast tray. The breakfast that day consisted of bread, jelly, grits, gravy, meat, juice and milk. While eating the meat and gravy, Plaintiff noticed that the meat had a "mussy" texture and did not taste right. He immediately spit the food into a tissue, after which he looked in the tissue. He observed something "furry

looking," which he assumed to be the arm or leg of a mouse. He then checked his tray and found more pieces of what he presumed to be mouse parts.

Plaintiff called for the Correctional Officer assigned to his tier but the officer did not come to his cell. In addition, the officer would not give him a new breakfast tray or take him for a medical exam. Plaintiff repeated those requests to Correctional Officer Murphy, who worked the next shift and he also spoke to a Counselor Hampton and the Division Superintendent Mr. Thomas. About a month later, Plaintiff was taken to see Dr. Kahn of Cermak Health Services. Dr. Kahn did not give Plaintiff any medicine or take a blood sample. Instead, he only reassured him that he was going to be alright.

In addition to not getting a blood test, Plaintiff has not been able to eat his lunch or dinner since the incident. Instead, he trades his breakfast and dinner trays for lunch trays, which consist of cold, sealed meals instead of the hot meals served at breakfast and dinner. Based on the foregoing, Plaintiff prays that the court order that he no longer be fed from CCDOC's central kitchen, that his blood be tested to check for diseases and that he be given $2.5 million in compensation.

### III. ARGUMENT

#### A. Standard of Review.

In determining the propriety of dismissal under Rule 12(b)(6), a court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 765 (7th Cir. 2000). However, courts need not accept as true mere "legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002); *see also Northern Trust Co. v. Peters*, 69 F.3d 123, 129 (7th Cir. 1995). Bare legal conclusions attached to narrated facts will not suffice to state a claim for which relief may be granted. *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). The

3

United States Supreme Court recently addressed this concept in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). The Court announced that it will no longer follow the language of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which had long been misconstrued as meaning "that any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." *Twombly*, 127 S. Ct. at 1968. Rather, the Court held, a claim for relief must contain sufficient facts to make the claim "plausible on its face." *Id.* at 1974.

Plaintiff is filing this suit *pro se* and the allegations in *pro se* pleadings are to be construed liberally, applying a substantially less stringent standard than those applied to pleadings drafted by professional counsel. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Kincaid v. Vail* 969 F.2d 594, 598 (7th Cir. 1992). But even under the more lenient pleading standards as befit a *pro se* claimant, Plaintiff's Complaint fails to set forth an actionable claim against Officer Dr. Kahn even under the most liberal of pleading standards.

**B.     Plaintiff Cannot State a Claim For A Constitutional Tort Against Dr. Kahn.**

In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that a government official, acting under color of state law, deprived him of a right secured by the Constitution or laws of the United States. *Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000); *see also Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920 (1980). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). "The first step in any such claim is to identify the specific constitutional right allegedly infringed." *Graham v. Connor*, 490 U.S. 386, 394 (1989).

4

Although not explicitly stated in the Complaint, Plaintiff seems to be alleging that Dr. Kahn violated his fourteenth amendment due process rights by being deliberately indifferent to a serious medical need arising from the short period of time in which mouse parts were in his mouth. The Seventh Circuit has held that a prison official violates pretrial detainee's due process rights when he or she displays deliberate indifference to a detainee's serious medical needs. *Hayes v. Snyder,* 546 F.3d 516, 522 (7th Cir. 2008) citing *Greeno v. Daley,* 414 F.3d 645, 652 (7th Cir. 2005).

> A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.' *Farmer v. Brennan,* 511 U.S. 825, 834, (1994) (internal quotations omitted); *see also Walker v. Benjamin,* 293 F.3d 1030, 1037 (7th Cir. 2002).

*Greeno v. Daley,* 414 F.3d 645, 652 (7th Cir. 2005). An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522.

The subjective prong requires the plaintiff to show that the official "acted with a sufficiently culpable state of mind." *Id*. This also has two components. First, the official must have a subjective knowledge of the risk to the inmate's health and second, must also disregard that risk. *Collins v. Seeman,* 462 F.3d 757, 761 (7th Cir. 2006). The Seventh Circuit has characterized the required showing as "something approaching a total unconcern for [the detainee's] welfare in the face of serious risks." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). Put another way, "proving deliberate indifference 'requires more than a showing of negligent or even grossly negligent behavior. . . . [T]he corrections [official] must have acted with the equivalent of criminal recklessness.'" *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) quoting *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006).

5

In this case, the allegations in Plaintiff's complaint fail to demonstrate either of the requisite prongs for deliberate indifference. First, the alleged ingestion of mouse meat, standing alone, does not constitute a serious medical condition. Moreover, no doctor has diagnosed Plaintiff with any illness arising from his contact with the mouse and there are no objective manifestations of illness or injury that would inform a lay person that he needed treatment. Dr. Kahn did examine Plaintiff and apparently found no indication that a blood test or any other follow up was necessary. It appears that Plaintiff is merely anxious that he may have contracted some disease from the mouse, but given that he has yet to exhibit any illness strongly suggests that his anxiety is unreasonable. Dr. Kahn tried to soothe Plaintiff by assuring him that he was fine, but to no avail.

With regard to the "subjective" prong of the deliberate indifference test, it necessarily follows that since there is no apparent risk to Plaintiff's health, Dr. Kahn cannot be deemed to be consciously disregarding such a risk. As a result, Plaintiff's claim that Dr. Kahn is deliberately indifferent to his medical needs fails as a matter of law. Thus, the claims against Dr. Kahn should be dismissed with prejudice pursuant to FRCP 12(b)(6).

    **C.**    **Plaintiff Does Not Allege That He Suffered Any Physical Injury As A Result Of Dr. Kahn's Examination Of Him; Thus His Claim Is Prohibited By The PLRA**

Apart from meeting the objective and subjective components of the "Deliberate Indifference" analysis, a plaintiff must also demonstrate physical injury resulting from his conditions of confinement. The Prison Litigation Reform Act ("PLRA") prohibits claims for mental or emotional injury without a prior showing of physical injury. 42 U.S.C. § 1997e(e) provides:

6

> No Federal Civil Action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e); s*ee Cassidy v. Indiana Dep't of Corrections, 199 F.3d 374, 375 (7th Cir. 2000)* (holding that § 1997e(e) of the PLRA barred blind inmate's claims for damages for mental and emotional injuries under the Americans with Disabilities and Rehabilitation Act).

Turning to Plaintiff's claims, there is no allegation that he suffered any physical injury as a result of the treatment that he received from Dr. Kahn. At worst, Plaintiff's complaint suggests that he is anxious that his contact with the mouse may have given him some unknown and as yet non-symptomatic disease and he is afraid that another mouse may again show up on his meal tray. That sort of anxiety is precisely the type of emotional injury that the PLRA bars prisoners from seeking to remedy. *Cannon v. Burkybile*, 2000 U.S. Dist. LEXIS 14139 at *19 (slip op. Sept. 25, 2000, Hart J.) (holding that **"**allegations that [a prisoner] suffered headaches, insomnia, stress, and stomach anxiety do not sufficiently meet the physical injury requirement under of 42 U.S.C. § 1997e(e) and thus the claim should be dismissed pursuant to FRCP 12(b)(6)"). (A copy of the decision in *Cannon* is attached as Exhibit B.) Similarly, Plaintiff's claims against Dr. Kahn, which also do not allege any physical injury, should be dismissed as well pursuant to FRCP 12(b)(6).

      **D.    Because Plaintiff Does Not Allege that Dr. Kahn Committed Any Act that Would Constitute a Constitutional Deprivation, He Is Entitled to Qualified Immunity**

Qualified immunity protects public officials in the performance of their discretionary duties from liability and from suit for actions that do not violate clearly established constitutional law. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Saucier v. Katz*, 553 U.S. 194, 201

(2001),[1] the United States Supreme Court established a two-step test to determine whether a public official should be granted qualified immunity. Under the first part of the *Saucier* test, a court should determine if the plaintiff establishes that the public official actually violated a constitutional right. *Akande v. Grounds*, 555 F.3d 586, 589-90 (7th Cir. 2009). If the plaintiff does not establish that the public official deprived him or her of a constitutional right, then the public official is entitled to qualified immunity and the case should be dismissed. *Id*. at 590. If the plaintiff does establish the requisite violation, the court must then determine if that right was clearly established the time of its alleged deprivation. *Id*.

As discussed in the section above, Plaintiff's complaint does not contain any facts that may be fairly read to allege that Dr. Kahn violated any of Plaintiff's constitutional rights. Accordingly, Dr. Kahn is entitled to qualified immunity in this case under the first prong of *Saucier*. *See Campos v. City of Chicago*, 2009 U.S. Dist. LEXIS 34214 (slip op. Apr. 20, 2009, Moran J.) (holding that a public official is entitled to qualified immunity and thus dismissal of the cause pursuant to FRCP 12(b)(6) when the complaint fails to allege that the official committed a constitutional injury against the plaintiff). (A copy of *Campos* is attached as Exhbit C). As a result, Plaintiff's complaint against Dr. Kahn should be dismissed with prejudice pursuant to FRCP 12(b)(6).

---

[1] Recently, in *Pearson v. Callahan*, 129 S. Ct. 808 (2009), the United States Supreme Court reversed the rule of *Saucier* that mandated a rigid two-step inquiry. Under *Saucier*, a court could only assess whether a constitutional right was clearly established at the time of the alleged violation if it first determined that there was in fact a deprivation of that right. *Pearson* held that the order of the inquiry should be left to the discretion of the court. The change worked by *Pearson* is irrelevant here, however, since, as discussed in Part B above, the Complaint does not make any allegation that would support an inference that Dr. Kahn deprived Plaintiff of any constitutional right

## VI. CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendant Dr. Maghoob Kahn respectfully requests that Plaintiff's claims against him be dismissed in their entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

        Respectfully submitted,
        ANITA ALVAREZ
        State's Attorney of Cook County

        By:/s/ Thomas Cargie
        ARDC # 6210034
        Thomas Cargie
        Assistant State's Attorney
        500 Richard J. Daley Center
        Chicago, IL 60602
        312/603-4553

Patrick T. Driscoll, Jr.
Deputy State's Attorney
Chief, Civil Actions Bureau

Louis R. Hegeman
Supervisor, Special Projects & Assignments
Thomas Cargie
Assistant State's Attorneys

## CERTIFICATE OF SERVICE

I, Thomas Cargie, Assistant State's Attorney, certify that I electronically filed the above **DR. KAHN'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURUSANT TO FRCP 12(b)(6)** with the Clerk of the Court via the CM/ECF System and caused it to be served upon Plaintiff at the address below via U.S. Mail, posted on January 4, 2010, before 5:00 p.m.

    Jamarr Martell Jackson
    #2009-0012752
    Cook County Jail
    P.O. Box 089002
    Chicago, IL 60608

        /s/ Thomas Cargie