Order Form (01/2005)

# United States District Court, Northern District of Illinois

(OPINION)

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5123 | **DATE** | 8/10/10 |
| **CASE TITLE** | Jamarr Martell Jackson (#2009-0012752) v. J. Lang | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [22] is granted. This case is dismissed. *See* Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B).

■ [**For further details see text below.**]   Docketing to mail notices.

## STATEMENT

Plaintiff Jamarr Martell Jackson (#2009-0012752), incarcerated at the Cook County Jail, filed this 42 U.S.C. § 1983 action against Cook County Jail Correctional Officer Murphy, Correctional Officer Lang (a kitchen supervisor), and Dr. Maghoob Kahn. Plaintiff alleges that, on April 3, 2009, a piece of a rodent's arm or leg was found in his breakfast. Plaintiff told a number of officers, including Officer Murphy, and Plaintiff requested both medical attention and another breakfast tray. Officer Murphy provided neither. (Complaint, 4-5.) About a month later, Plaintiff finally saw Dr. Kahn, who told Plaintiff that lots of people have eaten a mouse and that he "would be alright." (*Id.* at 5.) Dr. Kahn performed no tests to determine if there were any effects from the incident. Plaintiff states that he then started skipping breakfasts and began eating only lunches, which are packaged. Plaintiff apparently gathers as many lunch trays as possible by trading breakfast and dinner trays. (*Id.*)

On initial review, the Court allowed the complaint to proceed against Officer Murphy, Officer Lang, and Dr. Kahn. Service on Murphy and Lang has been unsuccessful and only Dr. Kahn was served. Dr. Kahn filed a motion to dismiss, stating that Plaintiff's complaint does not allege a claim against Dr. Kahn. (R. 22.) Plaintiff was given two extensions of time to respond to the motion to dismiss. He has filed no pleadings since the Court entered those orders. Both orders warned that his failure to respond could result in dismissal. Accordingly, his claim against Dr. Kahn is dismissed for failure to prosecute and failure to comply with this Court's orders. *See* Fed. R. Civ. P. 41(b).

Additionally, upon further review of the complaint, Plaintiff fails to state a valid § 1983 claim against any of the Defendants. In order to state a § 1983 claim, Plaintiff must allege that he has been deprived of a constitutional right by a state actor. Although inmates are constitutionally required to receive adequate food, one incident of finding rodent parts in a meal, though most unfortunate, does not rise to the level of a constitutional violation. *See George v. King*, 837 F.2d 705, 707 (7th Cir. 1988) (one incident of food poisoning in prison does not state a § 1983 claim of a constitutional violation).
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

With respect to Plaintiff's alleged lack of medical treatment he received following the incident, Plaintiff states that Dr. Kahn examined him, albeit without running any blood or similar tests, and told Plaintiff that he would be fine. Plaintiff alleges no physical injuries that Dr. Kahn failed to address, and Plaintiff's allegations simply indicate that he was dissatisfied with Dr. Kahn's examination. Such allegations do not state a constitutional violation. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (a § 1983 claim of inadequate medical treatment must allege that the physician acted with deliberate indifference to a known serious risk of harm; mere disagreement with the treatment provided does amount to a constitutional violation). It is apparent from Plaintiff's complaint that he suffered no physical injury but only the psychological effects from the trauma of having almost eaten part of a rodent. Any contention of physical harm is at best speculative. Such allegations do not state a claim upon which this Court can grant relief. *See* 42 U.S.C. § 1997e (allegations of only mental or psychological harm without physical harm is insufficient to state a federal civil rights claim); *see also E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007) (the allegations of a complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'"), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Again, the Court observes that Plaintiff may have suffered an unfortunate experience, but that incident does not amount to a constitutional violation that supports a civil rights claim in this Court.

Accordingly, Plaintiff's complaint is dismissed. Not only has Plaintiff not responded to the Court's orders for him to file a response to the motion to dismiss, but further review of the complaint reveals that Plaintiff does not state a claim upon which this Court may grant relief.